**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4356**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CEDRIC LAMAR BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:05-cr-01300-RBH)

_____

Submitted:  December 12, 2007      Decided:  December 28, 2007

_____

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas G. Nessler, Jr., Surfside Beach, South Carolina, for
Appellant.  Alfred William Walker Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Lamar Brown pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The court sentenced Brown to 240 months in prison, and Brown timely appealed. Brown's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in the plea hearing, whether Brown should have been permitted to withdraw his guilty plea, and whether the sentence was unreasonable. The Government did not file a reply brief. Brown filed a pro se supplemental brief challenging the factual basis for his plea and the 100:1 sentencing disparity between crack cocaine and cocaine powder. Finding no reversible error, we affirm.

Brown suggests that the district court erred by not fully complying with Fed. R. Crim P. 11 at the guilty plea hearing. Contrary to this assertion, the district court meticulously followed Rule 11 to ensure that Brown fully understood the significance of his guilty plea and that the plea was knowing and voluntary. Brown stated that he was of sound mind and was not under the influence of drugs or alcohol, and the court found him competent to enter a plea. Brown had discussed the charges and

consulted with his attorney and was satisfied with the services rendered. Counsel summarized the terms of the plea agreement for the court, and Brown agreed that those were its terms. Brown affirmed that the plea agreement represented the entire agreement between the parties; that no one had made promises to him other than what was written therein; that no one forced him to plead guilty; that no one had promised him a particular sentence; that his sentence would be determined after the presentence report was completed; that the guidelines were advisory; and that the judge could sentence him to a punishment more or less severe than the guidelines range. The court explained relevant conduct, and informed Brown that he could be held responsible for acts of co-conspirators and that such conduct could be used to enhance his sentence. Brown agreed that if his sentence was more severe than he expected, he was still bound by his plea and would not be permitted to withdraw it. Brown also agreed that by pleading guilty, he was indeed guilty of the charges, he admitted the facts surrounding the charges, he waived any defenses and any defects in the proceedings, and he was giving up his right to a jury trial. The court explained the maximum penalties for each count Brown faced. The court found Brown's plea was knowing and voluntary, and accepted the plea of guilty. The district court fully complied with its Rule 11 obligations, and we conclude this claim is meritless.

Brown contends that the district court erred when it denied his pro se motion to withdraw his guilty plea. After a plea has been entered, a defendant may withdraw the plea only if he can show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). This court reviews the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003); United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

When Brown filed his pro se motion, the court appointed new counsel to assist him and held a hearing on whether Brown's first counsel had failed to explain the waiver of appellate rights. The court struck the appellate waiver from the record and permitted him to file an appeal, finding no other basis on which to find that the plea agreement was not voluntarily and freely entered. The only other matter raised in the motion was that his plea agreement spelled his name incorrectly. The misspelling of Brown's name did not amount to a "fair and just reason" to withdraw his plea. The district court did not abuse its discretion when it denied Brown's motion to withdraw his guilty plea.

Brown next suggests that the district court imposed an unreasonable sentence of 240 months in prison. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines.

However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006). "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" <u>Moreland</u>, 437 F.3d at 432 (quoting <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Brown post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court considered and examined the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. Brown admitted in his validly entered guilty plea that he was involved in the distribution of more than fifty grams of crack cocaine. With a total offense level of 34 and a criminal history score of III, the applicable advisory guidelines range was 188 to 236 months in prison. However, due to

the 21 U.S.C. § 851 (2000) enhancement for a prior drug felony, the statutory penalty range was enhanced to a minimum term of twenty years and a maximum term of life imprisonment. Brown agreed he had the requisite prior conviction to enhance his sentence pursuant to § 851. Brown's 240-month sentence is exactly the statutorily mandated minimum, and is well below the life statutory maximum sentence pursuant to 21 U.S.C. § 851. Moreover, the court explained that it had taken the sentencing guidelines and § 3553(a) factors into account, and the sentence imposed was based on the mandatory minimum sentence required by statute and was appropriate considering both the presentence report and the court's findings of fact. Neither Brown nor the record suggests any information to rebut the presumption that his sentence was reasonable.

In his supplemental brief, Brown argues that the district court failed to comply with Fed. R. Civ. P. 11 by not ensuring that there was an adequate basis for his guilty plea. Contrary to Brown's assertion, the district court heard adequate evidence that Brown had conspired with others to intentionally possess and sell crack cocaine. Brown agreed that he was supplied with powder cocaine by an F.B.I. informant, that he cooked half of the drugs into crack cocaine, and subsequently sold it as crack cocaine. Brown agreed with the factual basis summary provided at his Rule 11 hearing, admitted the facts surrounding the charge, and agreed that he was indeed guilty of the charge. Brown also agreed that he

waived any defenses and any defects in the proceedings. Again, the district court adequately complied with Rule 11, and Brown's guilty plea was both knowing and voluntary. We conclude this claim lacks merit.

Finally, Brown takes issue with the 100:1 crack cocaine versus powder cocaine sentencing disparity. He acknowledges that this differential is constitutional, <u>see, e.g.</u>, <u>United States v. Ford</u>, 88 F.3d 1350, 1365 (4th Cir. 1996); <u>United States v. Fisher</u>, 58 F.3d 96, 99-100 (4th Cir. 1995); <u>United States v. D'Anjou</u>, 16 F.3d 604, 612 (4th Cir. 1994), but merely expresses his objection to the disparity. We note that the Sentencing Commission has recently amended the Guidelines to reduce this disparity. USSG Amend. 706 (effective Nov. 1, 2007). However, there is no dispute that Brown's sentence was properly calculated based on the guidelines in effect at the time of his March 2007 sentencing. <u>See</u> USSG § 1B1.11.[*]

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Brown's conviction and sentence. This court requires that

---

[*]While Brown may apply to the district court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) (2000) in the event the Sentencing Commission makes Amendment 706 retroactive, we note without deciding the issue that it is unlikely that even retroactive application of the amendment could benefit Brown as his sentence appears to constrained by the 20-year mandatory minimum term of imprisonment required to be imposed upon defendants like Brown who are subject to the enhanced penalty provisions of 21 U.S.C. § 841(b) (2000).

counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


AFFIRMED